UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SELIM ZHERKA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 25-30024-MGM |
| v. | * | |
| | * | |
| LISA DAVEY, MARK ANDREWS, | * | |
| STEPHANIE NUSSBAUM, LAURA | * | |
| BRADSHW, JIM CHILSON, and YOUNG & | * | |
| ASSOCIATES, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER RE: REPORT
AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO DISMISS
(Dkt. Nos. 18, 74)

March 31, 2026

MASTROIANNI, U.S.D.J.

On March 9, 2026, Magistrate Judge Christopher L. Morgan issued a Report and

Recommendation, which recommends that this court grant Defendants' motion to dismiss on *res*

*judicata* grounds. (Dkt. No. 74.) As Judge Morgan explained, this case represents Plaintiff's third

attempt to "insert himself into litigation relating to the Loss [caused by freezing and ice damage at a

rental property building] and the ensuing [insurance] claims process." (*Id.* at 13.) However, *res*

*judicata*, also known as claim preclusion, bars this latest attempt in light of the court's denial of

Plaintiff's motion to intervene in the first case and dismissal with prejudice of the second case.

Plaintiff filed objections to Judge Morgan's Report and Recommendation, asserting res judicata does

not apply here.

This court, upon *de novo* review, adopts Judge Morgan's Report and Recommendation and

will dismiss this case on res judicata grounds. Contrary to Plaintiff's arguments, "[f]ederal claim

preclusion bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made." *Airframe Sys., Inc. v. Raytheon Co.*, 601 F.3d 9, 14 (1st Cir. 2010). Moreover, "[t]he doctrine of claim preclusion serves at least two important goals" which are particularly relevant here: "protecting litigants against gamesmanship and the added litigation costs of claim-splitting, and preventing scarce judicial resources from being squandered in unnecessary litigation." *Id.* (explaining that "Plaintiffs cannot obtain a second chance at a different outcome by bringing related claims against closely related defendants at a later date").

"Claim preclusion applies if (1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closed related." *Id.* Even assuming that the denial of the motion to intervene in first case (23-cv-30127) does not amount to a final judgment on the merits, the dismissal with prejudice of the second case (24-cv-30077) certainly does. Plaintiff has appealed that dismissal, but "[a] decision retains its finality for preclusion purposes even while an appeal from the decision is pending." *Efron v. UBS Fin. Servs. Inc.*, 2025 WL 966796, at *8 (D.P.R. Mar. 31, 2025 (quoting *Rodriguez-Miranda v. Coquico, Inc.*, 2011 WL 2292263, at *5 (D.P.R. June 7, 2011); *see also Washington v. State St. Bank & Tr. Co.*, 14 F. App'x 12, 16 (1st Cir. 2001) ("[A] federal court judgment has res judicata effect as soon as it is issued notwithstanding the possibility or even pendency of an appeal."); *Stahan v. McNamara*, 2023 WL 8475657, at *4 (D.N.H. Dec. 7, 2023) (collecting cases). At the second prong, as Plaintiff's claims in this case and in the second case "arise out of a common nucleus of operative facts," they are sufficiently related for *res judicata* purposes. *Airframe Sys.*, 601 F.3d at 15; *see also Silva v. City of New Bedford*, 660 F.3d 76, 79 (1st Cir. 2011). Even assuming Plaintiff obtained some additional or different interest in the property on January 7, 2025, as he contends, these assignments occurred after judgment entered in the second case, and "[t]he general rule [is] that preclusion attaches to a transferee after judgment." Wright and Miller, 18A Fed.

Prac. & Proc. Civ. sec. 4462 (3d ed.). As to the third prong, the court agrees with Judge Morgan that the parties in this case and the dismissed second case are sufficiently close to warrant the application of *res judicata. See Silva*, 660 F.3d at 80 ("[C]laim preclusion applies . . . 'if the new defendant is closely related to a defendant from the original action—who was not named in the previous law suit.'" (quoting *Airframe Sys.*, 601 F.3d at 17)). As Judge Morgan explained, "[e]ach of the individual Defendants are identified as employees of the organizational defendants and all of the Defendants are alleged to be agents of Arch." (Dkt. No. 74 at 18.) These agency and employment relationships are sufficient under First Circuit precedent. *See Silva*, 660 F.3d at 80.

Lastly, Judge Morgan recommended that the court deny Defendants' request for attorneys' fees and costs but grant the request to enjoin Plaintiff from initiating further *pro se* suits concerning the property loss and the ensuing insurance claims process. This court agrees. Plaintiff's litigation conduct in the various cases related to the property loss is vexatious. As the court explained in dismissing the second case, Plaintiff's complaint in that case was "an obvious attempt to circumvent this court's" denial of his motion to intervene in the first case. This third case was an obvious attempt to circumvent the dismissal of the second case, but, as explained, it is barred by *res judicata*. Rather than await a fifth case (a fourth case has already been filed), this court agrees with Judge Morgan that "[a]n order enjoining [Plaintiff] from filing further pro se complaints concerning the Loss and the ensuing claims process without leave from court is justified as the most effective way to limit his continued abuse and waste of the limited resources of this court." (Dkt. No. 74 at 20.) *See, e.g., Stefanik v. Town of Huntington*, 536 F. Supp. 2d 106, 114 (D. Mass. 2008). Moreover, such an injunction should help to reduce the expenditure of disproportionate time and resources by Defendants.

Accordingly, the court hereby ADOPTS Judge Morgan's March 9, 2026, Report and Recommendation. As a result, Defendants' Motion to Dismiss (Dkt. No. 18) is GRANTED and this

action is DISMISSED with prejudice. In addition, Plaintiff's four motions for judicial notice (Dkt. Nos. 55, 57, 61, and 64) are DENIED AS MOOT. Lastly, the court will issue a separate Order of Enjoinment prohibiting Plaintiff from filing additional *pro se* claims or lawsuits related to the property loss and ensuing insurance claims process without first obtaining leave of court.

It is So Ordered.

 /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge